UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA GARNER,

    Plaintiff,

v.                                                 Case No.: 8:04-CV-1826-T-MAP

JO ANNE BARNHART,
Commissioner of
Social Security,

    Defendant.
_____/

## **ORDER**

Pursuant to 42 U.S.C. § 1383(c)(3), the Plaintiff seeks judicial review of the Commissioner's decision denying her claim for Supplemental Security Income (SSI) benefits.[1] At issue is whether the ALJ based his hypothetical to the vocational expert on substantial evidence. Finding he did not, the matter is remanded for further administrative proceedings consistent with this order.

*A. Background*

Plaintiff, who was 54 years old at the time of her administrative hearing, suffers from a variety of maladies: diabetes mellitus, degenerative disease of the spine, vertigo, tendinitis of the right shoulder, glaucoma, neuropathy, hypertension, leg pain, depression, obesity, and reflex sympathetic dystrophy ("RSD").[2] For the most part, she controls her impairments with medication

---

[1] The parties consented to my jurisdiction in accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *See* doc. 14.

[2] RSD is a chronic pain syndrome most often resulting from trauma, even a minor one, to a single extremity. The most common acute clinical manifestations include complaints of intense pain and findings indicative of autonomic dysfunction at the site of the precipitating trauma. Patients suffering from RSD often experience persistent, intense pain, often out of proportion to

with the exception of her RSD. Six nerve blocks have provided little or no relief to a pain that radiates from the small of her back to the toes of her left foot. Her pain limits her daily activities. She drives her daughter to work (a relatively brief drive), does a few chores around the house, and attends church. But during the day, she states she must rest or lie down because her pain becomes too severe. And she often needs her daughter's help to do things she cannot; sometimes this includes getting out of the shower.

Despite her confirmed RSD, the ALJ discounted the Plaintiff's allegations of constant and severe pain. He based this on "the reports of the treating and examining physicians, the findings made on examination and the degree of medical treatment required." The ALJ then concluded Plaintiff retained the capacity to perform a wide range of light work, with the residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently, sit/stand/walk six hours in an eight hour workday, accommodated by alternating standing and sitting positions as necessary. With the assistance of a vocational expert, the ALJ concluded Plaintiff was not disabled because she could perform other work in the national economy, namely, cashier II, ticket seller, survey worker, and customer security clerk.

*B. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, has established a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry

---

the severity of the initial injury, accompanied by swelling, autonomic instability (seen as changes in skin color or texture or changes in sweating), abnormal hair or nail growth, osteoporosis, and involuntary movements. When left untreated, the signs and symptoms may worsen and spread to other limbs over time. *See* SSR 03-2p, 2003 WL 22399117.

is unnecessary.  20 C.F.R. § 416.920(a). Thus, the Commissioner must determine in sequence the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation process requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education and work experience.  A claimant is entitled to benefits only if unable to perform other work.  *See*  20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

In reviewing the ALJ's findings, this court must ask if they are supported by substantial evidence.  42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971).  Even if the evidence presented weighs against the Commissioner's decision, it must be affirmed if supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance." *Richardson*, 402 U.S. at 401. "It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, 703 F.2d at 1233.  If supported by substantial evidence, findings of the Commissioner are conclusive.  42 U.S.C. § 405(g).

*C. Discussion*

Plaintiff essentially takes issue with the factual premise for the ALJ's hypothetical to the vocational expert, a hypothetical grounded on the residual functional capacity assessments by two non-examining state agency consultants and the findings of a non-treating physician who examined

the Plaintiff one time (R18, 183-202).[3]  In short, the ALJ asked the expert to assume the functional demands of light work with an accommodation that would allow her to alternate between sitting and standing at her discretion.[4]  Plaintiff asserts this factual predicate was no accident.  Had the ALJ confined his hypothetical to a sedentary work level, the Medical Vocational Grids would have dictated she was disabled due to her advanced age, limited education, and lack of past relevant work. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.00(c).

Any hypothetical the ALJ poses must be accurate and supported by substantial evidence. *See Pendley v. Heckler,* 767 F.2d 1561 (11th Cir. 1985) (the ALJ must pose an accurate hypothetical that takes into account all the claimant's impairments); *see also Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (hypothetical must be supported by substantial evidence).  The question the ALJ posed ignored the realities of Plaintiff's physical predicament due to RSD.  Just as significantly, it failed to take into account the Commissioner's guidelines for dealing with RSD claimants. *See* SSR 03-2p, 2003 WL 22399117.  That ruling recognizes RSD patients "typically report persistent, burning, aching or searing pain … [and] "these signs are not present continuously, or the signs may be present at one examination and not appear at another." *Id.*  In other words, "transient findings

---

[3] The ALJ states he "gave great weight" to the findings of Dr. Henderson (the non-examining consultant). *See* R. 18.

[4] The regulations define light work as: "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." *See* 20 C.F.R. § 416.967(b).

are characteristic of RSD" and conflicting evidence in the medical record is not unusual due to the transitory nature of its objective findings and the complicated diagnostic process." *Id.* Longitudinal evaluation is the key to determine if a claimant's RSD remains stable over time, improves, or worsens. *Id.*

Plaintiff's RSD, as evidenced by clinical signs and laboratory findings, is noted throughout her medical records and nothing in her records suggests her condition is improving. The fact that she has undergone repeated nerve blocks without any meaningful relief strongly infers her pain is real and consistent over time. And that she failed to exhibit searing or excruciating pain when Dr. Henderson examined her is not particularly probative given the transient nature of RSD. Considering Plaintiff's history, the ALJ's factual predicate for his hypothetical was inaccurate because it did not take into account the Plaintiff's consistent pain complaints and her ability to sustain work activity over time. *See* SSR 03-2p (chronic pain can interfere with an individual's ability to sustain work activity over time or preclude work activity altogether; when evaluating duration and severity, as well as evaluating RFC, the effects of chronic pain and the use of pain medications "must be carefully considered").

*D. Conclusion*

For the reasons stated, it is

ORDERED:

1. The Commissioner's decision is reversed and the case is remanded to the Commissioner for further proceedings consistent with this order.

    2.  The Clerk is directed to enter judgment for the Plaintiff.

DONE AND ORDERED at Tampa, Florida on March 3, 2006.

                                                                                                */s/ Mark A. Pizzo*
                                                           MARK A. PIZZO
                                                           UNITED STATES MAGISTRATE JUDGE

cc:       Counsel of record